IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:11-CV-508-FDW-DSC

| | |
|---|---|
| **VEKASH HOLDINGS II, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **MEMORANDUM AND ORDER** |
| **GRANITE FALLS PARTNERS, LLC,** | ) |
| **LAUTH PROPERTY GROUP, LLC, and** | ) |
| **CHICAGO TITLE INSURANCE COMPANY,** | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants Granite Falls Partners, LLC and Lauth Property Group, LLC's "Motion to Transfer Venue," Doc. 4, filed November 8, 2011, and the parties' associated briefs and exhibits, Docs. 5, 7, and 11.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court grants Defendants' Motion to Transfer Venue, and transfers this matter to the Southern District of Indiana.

**I. FACTUAL AND PROCEDURAL HISTORY**

This is an action for breach of contract, conversion, breach of fiduciary duty, and unfair and deceptive trade practices relating to recovery of an earnest money deposit made pursuant to a contract for the purchase of real property.

Plaintiff Vekash Holdings II, LLC ("Vekash") is a North Carolina limited liability company with its principal place of business in Mecklenburg County, North Carolina. Defendant Granite

Falls Partners, LLC ("Granite Falls") is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana. Defendant Lauth Property Group, LLC ("Lauth Property") is an Indiana limited liability company with its principal place of business in Carmel, Indiana. Defendant Chicago Title Insurance Company ("Chicago Title") is a Nebraska corporation with its principal place of business in Jacksonville, Florida.

On August 11, 2011, Vekash executed a Purchase and Sale Agreement (the "Agreement") which was thereafter executed by Granite Falls on August 16, 2011 for the purchase and sale of real property owned by Granite Falls in Caldwell County, North Carolina. Pursuant to the Agreement, Vekash deposited $100,000.00 in earnest money with Defendant Chicago Title's Indianapolis, Indiana office ("Escrow Agent"). On August 22, 2011, six days after execution of the Agreement, Vekash sent a letter to Granite Falls seeking to terminate the Agreement and asking for return of the earnest money.

On September 2, 2011, Granite Falls responded that while they had no intention to close and had terminated the Agreement, Vekash's purported cancellation was in violation of the Agreement's terms and therefore, Vekash was not entitled to a return of the earnest money. The earnest money remains in the possession of the Escrow Agent and the parties dispute who breached the Agreement and who is entitled to the deposit.

As part of the Agreement, the parties included a forum selection provision which states:

> **10.5.** Governing Law and Venue. This Agreement shall, in all respects, be governed, construed, applied and enforced in accordance with the law of the state where the Property is located. Purchaser agrees that any litigation in connection with this Agreement shall be brought in either the Superior Court of Hamilton County, Indiana or the United States Federal Court for the Southern District of Indiana.

Doc. 1 at Ex. A.

On September 12, 2011, Vekash commenced the present action in Mecklenburg County

2

Superior Court against Defendants. On October 12, 2011, Defendants timely filed a Notice of Removal to this Court in accordance with 28 U.S.C. § 1446 based upon diversity jurisdiction. On November 8, 2011, Granite Falls and Lauth Property filed the subject Motion asking the Court to transfer this action to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a) and the forum selection clause in the Agreement.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." This Court has enumerated eleven factors that a court should consider when deciding whether to transfer a matter pursuant to 28 U.S.C. § 1404(a):

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D.230, 239 (W.D.N.C. 2008) (citations omitted). Generally, the movant carries a "heavy burden" in establishing that a case should be transferred pursuant to 28 U.S.C. § 1404(a). Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 95 (W.D.N.C. 1990). However, where a party seeks to transfer venue based upon a forum selection clause, the burden of proof shifts from the party seeking transfer of venue to the party opposing transfer. Scholl, 249 F.R.D. at 239. Here, Vekash bears the burden of establishing why the case should not be transferred to the Southern District of Indiana.

Forum selection clauses are prima facie valid and should be enforced when made in

3

arms-length transactions absent some compelling reason to disregard them. See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-12 (1972); Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir.1996). The Fourth Circuit explained that

> Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

Allen, 94 F.3d at 928 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991) and The Bremen, 407 U.S. at 12–13).

The Supreme Court has acknowledged that "a valid forum- selection clause is given controlling weight in all but the most exceptional cases." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 33 (Kennedy, J concurring) (citing The Bremen, 407 U.S. at 10). The Fourth Circuit has held that while a valid forum selection clause does not conclusively establish proper venue, it is "a significant factor that figures centrally in the district court's calculus." Brock v. Entre Comp. Ctrs., Inc., 933 F.2d 1253, 1258 (4th Cir.1991) (quoting Stewart, 487 U.S. at 29). A forum selection clause may be dispositive if no other factors act to tip the balance in favor of non-enforcement. Id.

Vekash has not shown that the forum selection clause was included through fraud or overreaching, or that litigation in the Southern District of Indiana will deprive it of its day in court, or result in fundamental unfairness. However, under the fourth factor, Vekash argues that the forum selection clause contravenes public policy and is unenforceable in North Carolina pursuant to N.C. Gen. Stat. §22B-3. Vekash points to the fact that the Agreement provides for North Carolina law to control in all respects. Vekash argues that North Carolina law applies to the interpretation of the forum selection clause, rendering it invalid as against public policy.

According to North Carolina law, "[a]ny provision in a contract entered into in North

4

Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." N.C. Gen.Stat. § 22B–3. However, Plaintiff's reliance on this statute is misplaced in light of the Supreme Court's holding in Stewart Organization, Inc., v. Ricoh Corp., 487 U.S.22 (1988).

In Stewart, the Supreme Court held that the validity of a forum selection clause is determined by federal law. 487 U.S. at 32. The Court found the fact that a forum selection clause violated the public policy of the forum is just one factor in a multi-factor analyses, not a dispositive one. Id. Therefore, after Stewart, the fact that the forum selection clause violates the public policy of North Carolina is not by and of itself sufficient to render the clause unenforceable.

Vekash has not met its "heavy burden" of demonstrating an exceptional circumstance that would grant them relief from the forum selection clause. See Carnival Cruise Lines, 499 U.S. at 595. Vekash's remaining arguments against enforcement of the forum selection clause relate to the convenience of the parties and witnesses. Vekash also argues that the property is located in North Carolina, North Carolina law applies, and North Carolina attorneys could best handle the matter. These arguments fail to carry Plaintiff's burden of demonstrating exceptional circumstances warranting non-enforcement of an otherwise valid forum selection clause. Therefore, the forum selection clause should be enforced.

### III.  ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. Defendants Granite Falls Partners, LLC and Lauth Property Group, LLC's "Motion to Transfer Venue," Doc. 4, is **GRANTED**, and this matter is hereby **TRANSFERRED** to the Southern District of Indiana.

2. The Clerk is directed to send the instant file, including this Memorandum and Order, to the Clerk of Court for the Southern District of Indiana.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO ORDERED.**

Signed: December 14, 2011

David S. Cayer
United States Magistrate Judge